# United States District Court
## Middle District Of Florida
### Orlando Division

**NICHELLE LEE JONES,**

   **Plaintiff,**

**v.**               **Case No: 6:19-cv-1061-Orl-37LRH**

**OCWEN FINANCIAL CORPORATION,**

   **Defendant.**

## Report and Recommendation

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**  **APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS (Doc. No. 2)**
>
> **FILED:**   **June 7, 2019**
>
> ---
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED WITHOUT PREJUDICE**.

### I. BACKGROUND.

On June 7, 2019, Plaintiff Nichelle Lee Jones filed a complaint against Defendant Ocwen Financial Corporation ("OFC"). Doc. No. 1. Jones alleges that OFC, her former employer, violated her rights under the Thirteenth Amendment. *Id.* ¶ 8. With her complaint, Jones has included numerous exhibits referenced throughout her complaint. Doc. No. 1-1. Jones has also filed an Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form),

which has been construed as a motion to proceed *in forma pauperis*. Doc. No. 2. The motion to proceed *in forma pauperis* was referred to the undersigned, and the matter is ripe for review.

## II.     ALLEGATIONS OF THE COMPLAINT.

Jones alleges that she was employed by OFC from August 1999 until July 2018; she was terminated from her position as a Loan Analyst on July 16, 2018. Doc. No. 1 ¶¶ 6, 9, 84. Her position required her to review loans in litigation, prepare early case analysis, aid managing counsel, attend mediations, and testify at trials and depositions. *Id.* ¶ 6, 9. In May 2017, the reporting structure at OFC changed, and Jones began reporting to the Director of Legal Operations ("the Director"). *Id.* ¶ 10. After this reporting-structure change, Jones notified the Director that she had travel restrictions due to religious observance requiring her to stop working by 3:00 p.m. every Friday. *Id.* ¶ 11. She also notified the Director that she observed the sabbath. *Id.* ¶ 64.

In February 2018, the Director and the Legal Office Supervisor ("the Supervisor") began requiring her to work on paid holidays, vacations, and the sabbath. *Id.* ¶ 13–14. They required her to be available to work every day of the month. *Id.* ¶ 14. They also engaged in "constant harassment and impossible demands [that] denied [her] the ability to be adequately prepared for matters requiring constant travel with NO consideration for rest or preparation." *Id.* ¶ 16. Jones filed an official complaint with OFC via three separate emails, citing the company's "No Harassment Policy." *Id.* ¶¶ 18–51.[1] After investigation, OFC concluded that the evidence did not support her claim of harassment and discrimination based on her religious observance. *Id.* ¶ 51.

---

[1] In the complaint, Jones alleges that OFC has several policies in place, including: (1) an Attorney-Client Privilege Policy; (2) a No Harassment Policy; (3) a Paid Time Off Policy; and (4) a Code of Business Conduct and Ethics. OFC provided employees email communication regarding discrimination and harassment prevention training. OFC also has mandatory annual compliance training for discrimination and harassment prevention. Doc. No. 1 ¶¶ 52–61.

To evidence "slavery," Jones alleges that she requested paid time off in November and December 2017 for a vacation to take place from January 26, 2018 through February 2, 2018. *Id.* ¶ 63. Her requests were approved by the Director. *Id.* While on vacation in January 2018, the Director emailed her regarding a certain deposition in San Francisco, asking her why she was unable to attend. *Id.* ¶ 66. The email advised Jones that the Director had reviewed Jones's calendar and determined that Jones's schedule had available dates, which included a company paid holiday and each Friday of the month. *Id.* ¶¶ 68–69. In February 2018, also while she was on vacation, the Director emailed her again regarding the deposition. *Id.* ¶ 70. The Supervisor subsequently offered dates for Jones to attend the deposition, one of which was a company paid holiday. *Id.* ¶ 76.

In March 2018, Jones received a request to coordinate a deposition date in New Jersey before a court deadline, and she advised her team that she did not have available dates. *Id.* ¶¶ 73–74. The Director advised her to work out a date for the deposition. *Id.* ¶ 75. Jones informed him that she could not. *Id.* The Supervisor subsequently gave her proposed dates to attend the New Jersey deposition, but based on her schedule, the time needed to prepare, for sleep, and for travel, it was impossible for Jones to attend the deposition on the proposed dates. *Id.* ¶ 79. In June 2018, the Supervisor again offered proposed dates to attend the deposition, which included a company paid holiday, with no consideration for Jones's holiday plans. *Id.* ¶ 80. At that point, Jones alleges that it was clear that although OFC had many policies and procedures in place to protect her constitutional rights, her supervisors would continue to infringe on these rights without consequence. *Id.* ¶¶ 82–83. On July 16, 2018, OFC terminated Jones's employment. *Id.* ¶ 84.

Jones alleges that based on the actions of OFC, "[i]n January 2018, [she] left for vacation a free woman. In February 2018, [she] returned a Slave." *Id.* ¶ 87. She claims that she has a

pending eviction action against her, her credit has been ruined, she has sought financial assistance from the government, and she has filed for bankruptcy. *Id.* ¶ 88. She asks that the Court award her $400 million dollars in damages, and that the damages be trebled. *Id.* at 9.

## III. STANDARD OF REVIEW.

The Court must conduct a two-step inquiry when a plaintiff files a complaint and seeks leave to proceed *in forma pauperis*. First, the Court must evaluate the plaintiff's financial status and determine whether she is eligible to proceed *in forma pauperis*. 28 U.S.C. § 1915(a)(1). Second, once the Court is satisfied that plaintiff is a pauper, the Court must review the complaint pursuant to § 1915(e)(2) and dismiss the complaint if the action is frivolous or malicious, the complaint fails to state a claim on which relief may be granted, or the complaint seeks monetary relief against a defendant who is immune from such relief. *Id.* § 1915(e)(2)(B)(i-iii).[2] A complaint is frivolous within the meaning of § 1915(e)(2)(b) if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations must show plausibility. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

A *pro se* complaint should be construed leniently, but a court does not have "license . . . to rewrite an otherwise deficient pleading [by a *pro se* litigant] in order to sustain an action." *GJR Invs. v. Cty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds*

---

[2] The statute governing proceedings i*n forma pauperis* references actions instituted by prisoners, *see* 28 U.S.C. § 1915, but has been interpreted to apply to all litigants requesting leave to proceed *in forma pauperis*. *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 n.1 (11th Cir. 2004).

*by Iqbal*, 556 U.S. 662.  Moreover, a *pro se* litigant "is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure."  *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir.), *cert. denied*, 493 U.S. 863 (1989).

**IV.   ANALYSIS.**

Upon a review of Jones's motion to proceed *in forma pauperis* (Doc. No. 2), the undersigned has concluded that Jones qualifies as a pauper pursuant to § 1915(a)(1).  However, based on a review of Jones's complaint (Doc. No. 1), Jones has not stated a claim upon which relief may be granted.

    A.    <u>Thirteenth Amendment Claim.</u>

Although Jones's complaint contains discussions of her religious observances, as well as discussions of various OFC employment policies, the only legal basis Jones has asserted for any of her allegations is the Thirteenth Amendment to the United States Constitution.  Doc. No. 1, at 2.[3] The Thirteenth Amendment provides:

> Neither slavery nor involuntary servitude, except as a punishment for crime whereof the party shall have been duly convicted, shall exist within the United States, or any place subject to their jurisdiction.

U.S. Const. amend. XIII.

It is unclear from the face of Jones' complaint whether she is attempting to assert Thirteenth Amendment claims of employment discrimination and harassment, claims of slavery and/or involuntary servitude, or both.  To the extent that Jones is attempting to allege claims of employment discrimination and harassment against her former employer, the Eleventh Circuit has not expressly determined whether an individual can assert such claims against a private entity

---

[3] Insofar as claims of religious discrimination are cognizable under Title VII, *see* 42 U.S.C. § 2000e–2(a), Jones has alleged no such claim in her complaint.

directly under the Thirteenth Amendment.  In *Terry Properties, Inc. v. Standard Oil Co. (Ind.)*, 799 F.2d 1523, 1534 (11th Cir. 1986), the Court broadly stated that private actors may be liable "directly under the Thirteenth Amendment as it absolutely prohibits the practice of slavery."  However, the *Terry Properties* decision involved a claim by black businessmen who asserted race discrimination arising from the location of an industrial plant adjacent to their property and the rerouting of nearby roads.  There was no claim of employment discrimination or employment harassment.[4]  And while *Terry Properties* did not limit its conclusion to any specific type of civil action, the undersigned has been unable to locate any decisions within this Circuit that have allowed a Thirteenth Amendment claim of employment discrimination or harassment to go forward.

To the contrary, I note that several courts have held that the Thirteenth Amendment, by itself, does not provide a direct cause of action for employment discrimination.  *See, e.g.*, *Baker v. McDonald's Corp.*, 686 F. Supp. 1474, 1480 n.12 (S.D. Fla. 1987) (citations omitted) ("The plaintiff may not maintain a cause of action directly under the Thirteenth Amendment for employment discrimination.  Rather, the plaintiff must base his claims on one of the implementing statutes, e.g., 42 U.S.C. § 1985(3) or § 1981.  So, any claim plaintiff intends to assert directly under the Thirteenth Amendment is dismissed."), *aff'd*, 865 F.2d 1272 (11th Cir. 1988); *Gomez v. Kern*, No. 12-20622-CIV, 2012 WL 1069186, at *2 (S.D. Fla. Mar. 29, 2012) ("The weight of authority indicates that the Thirteenth Amendment, by itself, does not provide a private cause of action; a plaintiff must proceed under one of the Thirteenth Amendment's implementing statutes."); *Smith v. Orange Cty. Sch. Bd.*, No. 6:04-cv-1811-Orl-28DAB, 2006 WL 8439525, at *6 (M.D. Fla. Nov. 29, 2006)

---

[4] Similarly, the Supreme Court decision cited in *Terry Properties* for this proposition—*City of Memphis v. Greene*, 451 U.S. 100, 120 (1981)—involved a challenge to the closing of the north end of a two-lane city street that traversed a white residential community, with the class-action plaintiffs residing in a predominately black area to the north.

("There is no cause of action for employment discrimination in the Thirteenth Amendment, although those rights may be asserted under § 1981."); *Martinez v. Bohls Bearing Equip. Co.*, 361 F. Supp. 2d 608, 614 (W.D. Tex. 2005) ("The Thirteenth Amendment does not create a cause of action for employment discrimination." (citing *Mitchell v. Carrier Corp.*, 954 F. Supp. 1568, 1575 (M.D. Ga. 1995))); *Horton v. Norfolk S. Corp.*, 102 F. Supp. 2d 330, 335 (M.D.N.C.), *aff'd sub nom. Horton v. Norfolk S. Ry. Co.*, 199 F.3d 1327 (4th Cir. 1999) ("[T]he Thirteenth Amendment does not give rise to an independent action for employment discrimination."); *Lopez v. Sears, Roebuck & Co.*, 493 F. Supp. 801, 806–07 (D. Md. 1980) ("[T]he Thirteenth Amendment . . . does not operate as an independent ground for a cause of action.").

I agree with these decisions and find that Jones has failed to state a claim on which relief may be granted as there is no direct cause of action for employment discrimination or harassment under the Thirteenth Amendment.

To the extent that Jones is attempting to assert a Thirteenth Amendment claim of slavery and/or involuntary servitude, I find that Jones has failed to allege sufficient facts to support her assertions. "[T]he primary purpose of the [Thirteenth] Amendment was to abolish the institution of African slavery as it had existed in the United States at the time of the Civil War . . . ." *United States v. Kozminski*, 487 U.S. 931, 942 (1988).[5] Here, Jones's complaints pertain to: (1) her supervisors emailing her while she was on vacation; (2) her supervisors requiring her to work on religious holidays or the sabbath; and (3) her supervisors requiring her to attend depositions on company paid holidays. Jones has not alleged that she was compelled to continue her employment

---

[5] For purposes of criminal prosecution, the United States Supreme Court has held: "[T]he phrase 'involuntary servitude' [under the Thirteenth Amendment] was intended to 'cover those forms of compulsory labor akin to African slavery which in practical operation would tend to produce like undesirable results.'" *Kozminski,* 487 U.S. at 942 (quoting *Butler v. Perry,* 240 U.S. 328, 332 (1916)).

Case 6:19-cv-01061-RBD-LHP   Document 6   Filed 06/26/19   Page 8 of 10 PageID 140

with OFC, or that she was otherwise subjected to involuntary servitude. *See Sanders v. Prentice-Hall Corp.*, No. 97-6138, 1999 WL 115517, 3 (6th Cir. Feb. 8, 1999) ("[Plaintiff] does not allege that he was forced to work . . . by threat of either physical force or legal action. Such an allegation is a necessary element of a Thirteenth Amendment claim."); *Stallworth v. New York*, No. 16-CV-03059-PAE-BCM, 2017 WL 4355897, at *15 (S.D.N.Y. July 27, 2017) (finding that "to state a claim under the Thirteenth Amendment, a plaintiff must demonstrate he has been subjected to compulsory labor akin to African slavery which in practical operation would tend to produce like undesirable results," and noting that courts routinely dismiss "slavery" claims by an employee who "is free to walk away from any job he or she finds unsatisfactory"); *see also Kozminski*, 487 U.S. at 943 ("[I]n every case in which this Court has found a condition of involuntary servitude, the victim had no available choice but to work or be subject to legal sanction.").

Accordingly, I recommend that the Court find that Jones's complaint fails to state a cause of action, and that it is due to be dismissed. However, as discussed below, I recommend that the Court permit Jones leave to file an amended complaint.

B.     Leave to Amend.

Ordinarily, a *pro se* party should be given one opportunity to file an amended complaint that states a claim within this Court's subject-matter jurisdiction on which relief could be granted. *See Troville v. Venz*, 303 F.3d 1256, 1260 n.5 (11th Cir. 2002). It is at least possible that Jones could remedy the deficiencies in her current complaint by amendment. Therefore, I recommend that the Court give Jones leave to file an amended complaint.

In an amended complaint, Jones must clearly allege the legal basis of the cause of action— whether a constitutional provision, treaty, statute or common law. Jones must also allege facts that both support her causes of action and demonstrate that her claims are plausible. Jones should not


include argument in the amended complaint. She must allege in the body of the complaint, under a section entitled "Statement of Facts," how Defendant participated in the activity that allegedly violated her rights. She must allege specifically how she has been damaged (harmed or injured by the actions and/or omissions of the Defendant(s)).

Finally, because Jones is currently proceeding without a lawyer, the Court directs her attention to the Court's website, http://www.flmd.uscourts.gov. On the Court's homepage, Jones can find basic information and resources for parties who are proceeding without a lawyer in a civil case by clicking on the "For Litigants" tab and then clicking on "Litigants without Lawyers."

## V.   RECOMMENDATION.

For the reasons stated above, **I RESPECTFULLY RECOMMEND** that the Court **DISMISS** the complaint without prejudice (Doc. No. 1) and **DENY** the motion to proceed *in forma pauperis* without prejudice (Doc. No. 2). I further **RECOMMEND** that the Court give Jones leave to file an amended complaint within a time established by the Court, along with a renewed motion to proceed *in forma pauperis*. Finally, I **RECOMMEND** that the Court advise Jones that failure to file an amended complaint within the time permitted by the Court will result in dismissal of the case without further notice.

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on June 26, 2019.

*Leslie R. Hoffman*
LESLIE R. HOFFMAN
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy