UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

NICHELLE LEE JONES,

    Plaintiff,

v.                                  Case No. 6:19-cv-1061-Orl-37LRH

OCWEN FINANCIAL
CORPORATION,

    Defendant.
_____

## ORDER

Before the Court are: (1) Plaintiff's motion to proceed *in forma pauperis* (Doc. 2 ("**IFP Motion**")); (2) U.S. Magistrate Judge Leslie R. Hoffman's Report and Recommendation (Doc. 6 ("**R&R**")); and (3) Plaintiff's response to the R&R, which the Court construes as an objection (Doc. 7 ("**Objection**")). On review, the Objection is overruled, the R&R adopted, and the IFP Motion denied.

### I.    BACKGROUND

Plaintiff, proceeding *pro se*, sued Defendant, her former employer, alleging violations of the Thirteenth Amendment of the U.S. Constitution. (Doc. 1.) Plaintiff also filed the IFP Motion. (Doc. 2.) Plaintiff was employed by Defendant from August 1999 until July 16, 2018, when she was terminated from her position as a loan analyst. (Doc. 1, ¶¶ 6, 9, 84.) Her position required her to review loans in litigation, prepare case analysis, aid managing counsel, attend mediation, and testify at trials and depositions. (*Id.* ¶¶ 6, 9.)

Plaintiff alleges that beginning in February 2018, Defendant required Plaintiff to work on paid holidays, vacations, and the sabbath. (*Id.* ¶¶ 13–14.) Defendant required her to always be available to work and engaged in "constant harassment and impossible demands" that made it unreasonably difficult for her to adequately prepare for her job. (*Id.* ¶¶ 15–16.) With that, Plaintiff filed an official complaint with Defendant, citing the company's "No Harassment Policy." (*Id.* ¶¶ 18–51.) After an investigation, Defendant concluded that the evidence did not support Plaintiff's claim of harassment and discrimination based on her religious observance. (*Id.* ¶ 51.)

Plaintiff then initiated the instant action. To support her "slavery" allegations, she alleges that she requested and was approved for a paid time off vacation but received numerous work e-mails while on vacation. (*Id.* ¶ 63–76.) And Plaintiff contends her supervisor, on more than one occasion, requested she schedule a deposition on a paid company holiday. (*Id.* 63–80.) Plaintiff was eventually fired on July 2016, 2018. (*Id.* ¶ 84.) Plaintiff alleges "[i]n January 2018, [she] left for vacation a free woman. In February 2018, [she] returned a Slave," and seeks monetary damages. (*Id.* ¶ 87.)

On referral, Magistrate Judge Hoffman recommends denying the IFP motion and dismissing the Complaint with leave to amend. (Doc. 6.) Specifically, Magistrate Judge Hoffman finds although Plaintiff is a pauper, she failed to state a claim upon which relief may be granted because: (1) the Thirteen Amendment, by itself, does a not provide a cause of action for employment discrimination; and (2) Plaintiff did not allege that she was subjected to involuntary solitude sufficient to support a slavery claim. (*Id.* at 5–8.)

Now, Plaintiff filed an objection to the R&R. (Doc. 7.) In support of her contention

that she stated a Thirteen Amendment claim, Plaintiff recites the historical background of slavery in America and the bible and addresses the connection between slavery and the sabbath. (*Id.*)

## II. LEGAL STANDARD

When a party objects to a magistrate judge's findings, the district court must "make a de novo determination of those portions of the report . . . to which objection is made." 28 U.S.C. § 636(b)(1). "Parties filing objections to a magistrate's report and recommendation must specifically identify those findings objected to. Frivolous, conclusive, or general objections need not be considered by the district court." *Marsden v. Moore*, 847 F.2d 1536, 1548 (11th Cir. 1988). The district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* The district court must consider the record and factual issues based on the record independent of the magistrate judge's report. *Ernest S. ex rel. Jeffrey S. v. State Bd. of Educ.*, 896 F.2d 507, 513 (11th Cir. 1990).

## III. DISCUSSION

Here, Plaintiff filed an objection to the R&R. (Doc. 7.) Construing the Objection liberally, the Court considers the Objection as pertaining to the entirety of the R&R. (*Id.*) The R&R recommends dismissing the Complaint and denying the IFP Motion for two reasons: (1) the Thirteenth Amendment does not provide a cause of action for employment discrimination; and (2) Plaintiff did not allege involuntary servitude. (Doc. 6, pp. 5–8.) The Court addresses each basis for dismissal in turn.

The Thirteen Amendment provides, "Neither slavery nor involuntary servitude,

-3-

except as punishment for crime whereof the party shall have been duly convicted, shall exist within the United States, or any place subject to their jurisdiction." U.S. Const. amend. XIII. First is Plaintiff's claim for employment discrimination and harassment. To the extent Plaintiff seeks to allege an employment discrimination and harassment claim against Defendant under the Thirteenth Amendment, that claim fails because the Thirteenth Amendment, alone, does not provide a cause of action for employment discrimination.[1] *See, e.g.*, *Smith v. Orange Cty. Sch. Bd.*, No. 6:04-cv-1811-Orl-28DAB, 2006 WL 8439525, at *6 (M.D. Fla. Nov. 29, 2006) ("There is no cause of action for employment discrimination in the Thirteenth Amendment."). Thus, Plaintiff failed to state a claim for employment discrimination or harassment under the Thirteenth Amendment.[2]

Next is Plaintiff's claim of slavery or involuntary servitude. "The primary purpose of the [Thirteenth] Amendment was to abolish the institution of African slavery as it had existed in the United States at the time of the Civil War, but the Amendment was not limited to that purpose." *United States v. Kozminski*, 487 U.S. 931, 942 (1988). "'[I]nvoluntary servitude' necessarily means a condition of servitude in which the victim

---

[1] *See also Baker v. McDonald's Corp.*, 686 F. Supp. 1474, 1480 n.12 (S.D. Fla. 1987) ("The plaintiff may not maintain a cause of action directly under the Thirteenth Amendment for employment discrimination. Rather, the plaintiff must base his claims on one of the implementing statutes, e.g., 42 U.S.C. § 1985(3) or § 1981. So, any claim plaintiff intends to assert directly under the Thirteenth Amendment is dismissed." (citations omitted)), *aff'd*, 865 F. 2d 1272 (11th Cir. 1988); *Gomez v. Kern*, No. 12-20622-Civ., 2012 WL 1059186, at *2 (S.D. Fla. Mar. 29, 2012) ("The weight of authority indicates that the Thirteenth Amendment, by itself, does not provide a private cause of action; a plaintiff must proceed under one of the Thirteen Amendment's implementing statutes.").

[2] To the extent Plaintiff has a cognizable claim for employment discrimination and harassment under one of the implementing statutes, the Complaint is devoid of any such allegations.

is forced to work for the defendant by the use or threat of physical restraint or physical injury or by the use or threat of coercion through law or the legal process." *Id.* at 931.

Here, Plaintiff's slavery claim is based on allegations that: (1) her supervisor e-mailed her while she was on vacation; (2) she was required to work on religious holidays and the sabbath; and (3) she was required to attend depositions on paid company holidays. (Doc. 1, ¶¶ 13–14; 62–85.) That conduct does not rise to the level of slavery or involuntary servitude. Plaintiff has other options; she was not required to continue her employment or otherwise be subjected to involuntary servitude. *See Kozminski*, 487 U.S. at 943 ("[I]n every case in which this Court has found a condition of involuntary servitude, the victim had no available choice but to work or be subject to legal sanction."). Thus, Plaintiff failed to state a cause of action for slavery or involuntary servitude under the Thirteenth Amendment.

With that, the Court finds the Objection is overruled and Magistrate Judge Hoffman's R&R is adopted and confirmed. As Plaintiff is proceeding *pro se* the Court will permit Plaintiff to file an amended complaint.

IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Response of Nichelle Lee Jones to Report and Recommendation of Magistrate Leslie R. Hoffman Denying Application to Proceed in District Court Without Prepaying Fees or Costs (in forma pauperis) and Motion to Dismiss (Doc. 7) is **OVERRULED**.

2. U.S. Magistrate Judge Leslie R. Hoffman's Report and Recommendation

(Doc. 6) is **ADOPTED, CONFIRMED**, and made a part of this Order.

3. Plaintiff's Complaint (Doc. 1) is **DISMISSED WITHOUT PREJUDICE**.

4. Plaintiff's Motion to Proceed *in forma pauperis* (Doc. 2) is **DENIED**.

5. On or before Tuesday, **August 27, 2019**, Plaintiff Nichelle Lee Jones may file an amended complaint to cure the deficiencies outlined in the R&R along with a renewed motion to proceed *in forma pauperis*. Failure to timely file an amended complaint will result in closure of the file without further notice.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on August 13, 2019.



ROY B. DALTON JR.
United States District Judge

Copies to:
*Pro se* Party